**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**ANTHONY CAPOBIANCO**

        Plaintiff,

                                **CASE NO.**

vs.

**MAC IMPORTS, LLC a Florida**
**Limited Liability Company, d/b/a**
**MCGRATH VOLVO CARS OF**
**FORT MYERS,**

        Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

      Plaintiff, **ANTHONY CAPOBIANCO** ("Plaintiff" or "Capobianco"), through

undersigned counsel, files this Original Complaint and Demand for Jury Trial against Defendant,

MAC IMPORTS, LLC a Florida Limited Liability Company, d/b/a MCGRATH VOLVO CARS

OF FORT MYERS, ("Defendant" or "McGrath Volvo"), and states as follows:

## PRELIMINARY STATEMENT

      1.      In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq.

("the FMLA"), Congress wished to remedy its finding that employees with serious health

conditions have "inadequate job security" when they have to leave work for temporary periods.

*See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Plaintiff, with unpaid,

job-protected leave in the event they are suffering from a serious medical condition. 26 U.S.C. §

2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same

position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it

unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to

exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful

for an employer to discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

2. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*., as amended (the "ADA"), is also a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8).  The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace an account of a real or perceived mental or physical disability.  42 U.S.C. § 12112. Therefore, termination on account of an employee's real or perceived disability is unlawful.

3. Plaintiff suffers from a disability that is also a chronic severe health condition entitling him to benefits under the FMLA and protection from discrimination under the ADA. Plaintiff made the Defendant aware of his condition, his anticipated treatment plan, and his need for leave.  Mr. Capobianco has been diagnosed with:  1. generalized anxiety disorder; 2. PTSD; 3. Depression; 4. Dystonia (non-specific).

4. When Mr. Capobianco advised Defendants of his need for leave, he was not provided with FMLA paperwork, and the employer failed to provide Mr. Capobianco with notice of his return to work date.  Prior to the anticipated end of the leave, Mr. Capobianco advised of his need for additional leave.  Mr. Capobianco was approved for this leave by his supervisor Greg Castro, who also stated that a position was waiting for Mr. Capobianco.  Prior to the agreed upon return date, Mr. Capobianco was terminated.  The stated reasons for Capobianco's termination were pretextual, and fabricated post-hoc after he engaged in protected activity.

5. Mr. Capobianco seeks: (i) back pay and front pay (where reinstatement is not

feasible); (ii) compensatory damages in whatever amount he is found to be entitled; (iii) liquidated damages in whatever amount he is found to be entitled; (iv) an award of interest, costs and reasonable attorney's fees and expert witness fees; (v) punitive damages; (vi) equitable relief; (vii) declaratory relief; (viii) pre-judgment and post-judgment interest (where allowable); and (ix) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title I of the ADA, as amended, and the FMLA, and has authority to grant declaratory relief under the ADA, FMLA and pursuant to 28 U.S.C. § 2201 et seq.

7.      Venue properly lies in this judicial district under 28 U.S.C. §1391 because the Defendant does business in this judicial district.

## PARTIES

8.      At all times material to this action, Plaintiff was a resident of Lee County, Florida.

9.      At all times material to this action, MAC IMPORTS, LLC a Florida Limited Liability Company, d/b/a MCGRATH VOLVO CARS OF FORT MYERS was, and continues to be a Limited Liability Company, engaged in business in Florida, doing business in Lee County, Florida.

10.     From in and around July 2015 the Plaintiff started working for the Defendant as a Customer Service Representative in their Fort Myers location.

11.     At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12.     The FMLA defines the term "employer" to broadly include "any person acting

directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. § 2611(4)(ii)(I).

13.     Defendant is an employer as defined under the FLMA.

14.     "To be 'employed' includes when an employer 'suffer[s] or permit[s] [the employee] to work.'" *See Freeman v. Key Largo Volunteer Fire & Rescue Dept., Inc.*, 494 Fed. Appx. 940, 942 (11th Cir. 2012) cert. denied, 134 S.Ct. 62 (U.S. 2013).

15.      At all times material to this action  Defendant directly or indirectly, controlled and directed the day to day employment of Plaintiff, including: (i) timekeeping; (ii) payroll; (iii) disciplinary actions; (iv) employment policies and procedures; (v) scheduling and hours; (vi) terms of compensation; and (vii) working conditions.

16.     Defendant is an employer under the FMLA because it engaged in commerce or in an industry affecting commerce and employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

17.     At all times relevant hereto, Plaintiff worked at a location where Defendant employed 50 or more employees within 75 miles.

18.     At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that he was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to seeking to exercise his rights to FMLA leave.

19.     At all times material hereto, the Defendant was an "employer" covered under the ADA and the FMLA.

20.     At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the FMLA.

21.     At all times material hereto, Plaintiff was an "employee" of the Defendant within the meaning of the ADA.

22.     At all times material hereto, Plaintiff is a "qualified individual" under the ADA since he can perform the primary duties of his job with or without an accommodation.  See 42 U.S.C. § 12111(8). .

23.     Plaintiff is covered by the ADA because he is an individual who:

    a.     Has a physical impairment that substantially limits one or more major life activities or bodily functions;

    b.     Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or

    c.     Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

24.     Plaintiff is protected by the FMLA.

25.     Plaintiff is protected by the ADA.

26.     Plaintiff is protected by Fla. Stat. 760 et.seq. otherwise known as the Florida Civil Rights Act ("FCRA".

## CONDITIONS PRECEDENT

27.     Plaintiff filed a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

28.     Mr. Capobianco has exhausted his administrative remedies available to him.

29.     On or about April 30, 2019, the EEOC issued plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter.  A copy of the Right to Sue letter is attached as **Exhibit A.**

30.     Plaintiff files his complaint within the applicable statute of limitations.

31.     Jurisdiction over this claim is appropriate pursuant to the FCRA, because more than 180 days passed since the filing of the charge, prior to the FCHR making a determination, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts and circumstances as the federal claims.

32.     All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

33.     At all times relevant to this action,  Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised his rights pursuant to the FMLA and Defendant (i) failed to provide Plaintiff with notice of his rights under the FMLA; (ii) discriminated against Plaintiff for taking FMLA leave; (iii) failed to reinstate Plaintiff to his position or a substantially similar position; and (iv) retaliated against Plaintiff because he took FMLA leave and would likely need additional leave.

34.     At all times relevant to this action, the Defendant failed to comply with 42 U.S.C. § 12101 et. seq., because Plaintiff disclosed the nature and extent of his disabilities, requested and was given FMLA leave and was terminated by the Defendant because of his real or perceived disabilities.

35.     In July 2015 the Plaintiff was hired by the Defendant as a Customer Service Representative.

36.     While employed, Plaintiff notified his supervisor, Jorge Castro, about his

serious medical condition and disability.

37.     Plaintiff attended weekly doctor's visits.

38.     Ms. Castro was advised of these visits and noted them on his office calendar.

39.     Additionally, Plaintiff disclosed his serious medical condition and disabilities to the human resources manager, Dawn Alexander.

40.     Mr. Capobianco told Ms. Alexander that he suffered from physical, neurological and psychological disabilities, and further disclosed the underlying trauma and unfortunate life events that precipitated the disability diagnoses.

41.     On or about April 28, 2017, the Plaintiff requested a medical leave pursuant to the Family Medical Leave Act.

42.     On or about May 2, 2017, Plaintiff provided Defendant with a letter from his physician recommending a medically necessary leave of absence.

43.     The Defendant granted the Plaintiff a twelve (12) week leave of absence.

44.     At no point did Defendant tell Plaintiff that he was ineligible for the FMLA.

45.     Defendant failed to advise the Plaintiff of his return to work date.

46.     In or around the middle to end of July, Plaintiff and Mr. Castro discussed Plaintiff's continued need for leave.

47.     Mr. Castro advised Plaintiff that the additional leave would not be an issue.

48.     Additionally, not long thereafter, Plaintiff visited the dealership location and discussed his return to work with Mr. Castro. Mr. Castro advised Plaintiff that Defendant had prepared an office for him, and was awaiting Plaintiff's return to work.

49.     Prior to Plaintiff's anticipated return to work, Plaintiff was terminated.

50.      Plaintiff was terminated, on August 22, 2017, for allegedly requesting an open ended leave.

51.      Defendant's reasons for terminating Plaintiff are pre-textual.

52.      Defendant, through the actions more specifically alleged above and other instances of discrimination and retaliation, affected Plaintiff in a "term, condition or privilege" of his employment as envisioned by the ADA and the FMLA.

53.      Defendant's discriminatory practices and discriminatory conduct was intentional, reckless, extreme, and outrageous and far exceeded the bounds of society's expectations of decency and were based on Plaintiff's disability.

54.      Defendants' reason for termination was manufactured, post hoc, after Plaintiff engaged in activities protected by the FMLA, ADA, and the FCRA.

55.      At the time of his termination, Plaintiff worked for a covered employer as defined by the ADA, the FCRA, and the FMLA.

56.      Mr. Capobianco had a disability; he made the Defendant's aware of his disability, and requested a leave of absence for this disability.

57.      At the time of his termination, Plaintiff provided notice(s) to Defendant of his need for FMLA-covered leave.

58.      Plaintiff's notice(s) for his need for leave was sufficient to alert Defendant that his request was for FMLA-covered leave.

59.      Plaintiff's notice(s) for his need for FMLA-covered leave was timely.

60.      Plaintiff's notice(s) for his need for FMLA-covered leave complied with Defendant's company policies, if any, regarding requests for time off.

61.     Plaintiff suffered from a serious health condition as defined by the FMLA as his condition was:

      a.     An illness, injury impairment, or physical or mental condition involving inpatient care in a hospital;

      b.     An illness, injury impairment, or physical or mental condition involving a period of incapacity or subsequent treatment in connection with or consequent to in patient care in a hospital;

      c.     An illness, injury impairment, or physical or mental condition involving a period of incapacity of more than three (3) days involving treatment two or more times by a health care provider;

      d.     An illness, injury impairment, or physical or mental condition involving a regimen of continued treatment under supervision of a health care provider; and/or

      e.     An illness, injury impairment, or physical or mental condition requiring multiple treatments for a condition that would likely result in a period in capacity of more than three (3) consecutive calendar days in the absence of medical intervention or treatment.

62.     Plaintiff was, at all times relevant, an employee as defined by the ADA, the FMLA, and the FMLA.

63.     At all times relevant, Plaintiff provided Defendant with enough information so that Defendant could reasonably determine whether the FMLA, the ADA, and the FCRA applied to his need for time off work.

64.     Defendant's failure to provide Plaintiff with notice of his return to work date interfered with Plaintiff's right to manage his own leave.

65.     Defendant's termination of Plaintiff interfered with his right to an unqualified reinstatement to the same or similar position after taking available FMLA-covered leave.

66.      Defendant's termination of Plaintiff was in retaliation for Plaintiff requesting to take FMLA-covered leave.

67.     Defendant's termination of Plaintiff was in retaliation for Plaintiff having taken FMLA protected leave.

68.     Defendant's termination of Plaintiff was in retaliation for Plaintiff having requested a reasonable accommodation.

69.     Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from taking FMLA-covered leave.

70.     Defendant's termination of Plaintiff was designed to dissuade Plaintiff's coworkers from requesting a reasonable accommodation under the ADA and the FCRA.

71.     Defendant fired Plaintiff in whole in or in part because of his disability (ies) and/or perceived disability (ies).

72.     Defendant's termination of Plaintiff on August 22, 2017 interfered with the rights afforded to Plaintiff by the FMLA, the ADA, and the FCRA.

73.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need ADA/FCRA-covered leave in the future.

74.     Defendant's decision to terminate Plaintiff was motivated, in whole or in part, by the likelihood that Plaintiff would need FMLA-covered leave in the future.

75.     Plaintiff's FMLA-covered absences and/or his likely need for future FMLA-covered leave was a substantial or motivating factor in Defendant's decision to terminate his employment.

76.     Plaintiff's ADA/FCRA covered absences and/or his likely need for future ADA/FCRA covered leave was a substantial or motivating factor in Defendant's decision to terminate his employment.

77.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the ADA.

78.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FCRA.

79.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's need for time off work under the FMLA.

80.     Defendant's decision to terminate Plaintiff was not wholly unrelated to Plaintiff's disability/perceived disability.

81.     Plaintiff was entitled to FMLA-covered leave pursuant to 29 U.S.C. §2612(a)(1).

82.     Defendant's actions violate the provisions of 29 U.S.C. §2615(a).

83.     Defendant's actions violate the provisions of 29 U.S.C. §2614(a).

84.     Defendant's actions constitute interference with Plaintiff's rights under the FMLA.

85.     Defendant's actions constitute interference with Plaintiff's rights under the ADA.

86.     Defendant's actions constitute interference with Plaintiff's rights under the FCRA.

87.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under the ADA.

88.     Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FCRA.

89.      Defendant's actions constitute discrimination in violation of Plaintiff's rights under the FMLA.

90.      Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FMLA.

91.      Defendant's actions constitute retaliation in violation of Plaintiff's rights under the ADA.

92.      Defendant's actions constitute retaliation in violation of Plaintiff's rights under the FCRA.

93.      Defendant's actions constitute retaliation for requesting a reasonable accommodation under the ADA.

94.      Defendant's actions constitute retaliation for requesting a reasonable accommodation under the FCRA.

95.      Defendants' actions constitute retaliation for requesting leave under the FMLA.

96.      As a result of Defendant's conduct, Plaintiff suffered embarrassment, humiliation, stress, anxiety, fear and dignitary harm.

97.      Defendant's actions were willful as Defendant knew or had reason to know that its actions violated federal and state law, yet Defendant acted wantonly or with reckless disregard for the law.

98.      Defendant is liable for the actions of its managers and/or agents taken within the scope of their employment with Defendant and its related entities, including the decision to terminate Plaintiff.

99.     Defendant's actions, if left unchecked, will deter other employees from exercising their rights under the ADA, the FMLA, and/or the FCRA which will in turn thwart the purposes of Congress in ensuring that a balance exists between work and healthy workers.

### COUNT I
### INTERFERENCE WITH FMLA RIGHTS

100.    Plaintiff re-alleges paragraphs 1 through 99 of the Complaint, as if fully set forth herein.

101.    Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

102.    Defendant was Plaintiff's employer as defined by the FMLA.

103.    Defendant failed to provide Plaintiff with notice of his FMLA rights once notified of Plaintiff's need for leave.

104.    Defendant failed to provide Plaintiff with notice of his return to work date, thus interfering with Plaintiff's ability to manage his own leave.

105.    At all times relevant hereto, the Defendant interfered with Plaintiff's right to be reinstated to his or an equivalent position.

106.    Defendant's failure to reinstate Plaintiff to the same or similar position constitutes interference with Plaintiff's rights under the FMLA.

107.    Defendant's acts and omissions constitute interference with Plaintiff's rights under the FMLA.

108.    Defendant's termination of Plaintiff because it knew Plaintiff would likely seek FMLA-covered leave in the future as a result of Plaintiff's serious medical condition constitutes interference with Plaintiff's rights under the FMLA.

109.    As a direct, natural, proximate and foreseeable result of the actions of the Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but

not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

110.     Plaintiff has no plain, adequate or complete remedy at law for the actions of the Defendant, which have caused and continues to cause irreparable harm.

111.      Defendant's violations of the FMLA were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

112.     Plaintiff is entitled to recover his attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, ANTHONY CAPOBIANCO respectfully requests entry of:

a.     judgment in his favor and against Defendant for its interference with his rights under the FMLA;

b.     judgment in his favor and against Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c.     judgment in his favor and against Defendant for his reasonable attorney's fees and litigation expenses;

d.     judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.     declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT II

**RETALIATION IN VIOLATION OF THE FMLA**

113.     Plaintiff re-alleges paragraphs 1 through 99 of the Complaint, as if fully set forth herein.

114.     Plaintiff was, at all times relevant, eligible for FMLA-covered leave.

115.     Defendant was Plaintiff's employer as defined by the FMLA.

116.     Defendant discriminated and/or retaliated against Plaintiff because he exercised his rights under the FMLA or attempted to exercise his rights under the FMLA.

117.     Defendant discriminated and/or retaliated against Plaintiff because he was likely to exercise his rights under the FMLA in the future.

118.     Defendant had actual or constructive knowledge of the discriminatory/retaliatory conduct of Plaintiff's supervisors.

119.     Defendant's acts and omissions negatively affected one or more terms, conditions and/or privileges of Plaintiff's employment.

120.     Defendant's discriminatory acts and omissions occurred, at least in part, because of Plaintiff's request for FMLA-covered leave.

121.     Defendant's conduct violated Plaintiff's right to be free from discrimination/retaliation as guaranteed by the FMLA.

122.     As a direct, natural, proximate and foreseeable result of the actions of Defendant, Plaintiff has suffered injuries for which he is entitled to compensation, including, but not limited to lost wages and benefits, future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other non-pecuniary losses.

123.     Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant which have caused and continue to cause irreparable harm.

124.     Defendant's violations of the FMLA were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

125.     Plaintiff is entitled to recover his attorney's fees and costs pursuant to 29 U.S.C. § 2617(a)(3).

WHEREFORE, Plaintiff, ANTHONY CAPOBIANCO respectfully requests entry of:

a.     judgment in his favor and against Defendant for violation of the anti-discrimination/anti-retaliation provisions of the FMLA;

b.     judgment in his favor and against  Defendant for damages, including lost earnings and benefits, reinstatement, front pay, and/or all actual monetary losses suffered as a result of  Defendant's conduct;

c.     judgment in his favor and against  Defendant for his reasonable attorney's fees and litigation expenses;

d.     judgment in his favor and against Defendant for liquidated damages pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii);

e.     declaratory judgment that Defendant's actions toward Plaintiff violate Plaintiff's rights under the FMLA; and

f.     an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE ADA

126.     Plaintiff re-alleges paragraphs 1 through 99 of the Complaint, as if fully set forth herein.

127.     Plaintiff is a qualified individual under 42 U.S.C. 12111(8) in that he has a serious critical medical condition, Defendant perceives him to have a disability, he has the

requisite education and skills to perform and can perform the essential functions of his position, and either held or desired to hold a position with Defendant.

128.    Defendant was an "employer" within the meaning of the ADA.

129.    Plaintiff was a qualified employee.

130.    Plaintiff engaged in protected activity under the ADA.

131.    With actual knowledge of Plaintiff's disability and reason for leave, his return from leave, and need for a reasonable accommodation the Defendant terminated Plaintiff's employment.

132.    The Defendant wrongfully terminated, discriminated against, harassed, failed to accommodate, and made Plaintiff endure a hostile work environment on the basis of his disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

133.    Plaintiff has been damaged by the Defendant in violation of the ADA and suffered damages which include past and future wages and benefits, loss of reputation, loss of savings and detrimental effect on his credit, emotional distress, and mental pain and anguish.

134.    Plaintiff demands trial by jury.

WHEREFORE Plaintiff, ANTHONY COPABIANCO, respectfully requests entry of:

a.    judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

b.    judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.    judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional

distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.  judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.  judgment in his favor and against Defendant for punitive damages;

f.  declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.  an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT IV
## RETALIATION, INTERFERENCE, COERCION
## AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA

Plaintiff re-alleges paragraphs 1 through 99 of the Complaint, as if fully set forth herein.

135.    Title I of the ADA, 42 U.S.C. § 12111 requires that Defendant provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to leave and/or an accommodation.

136.    During the time Plaintiff was employed by the Defendant, Plaintiff engaged in protected activity under the ADA.

137.    Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to harassment, and/or discrimination on the basis of his disability.

138.    The Defendant retaliated and discriminated against Plaintiff for engaging in said protected activity.

139.    During the time Plaintiff was employed by the Defendant, he exercised and /or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and

making use of reasonable accommodations for his disability.

140.     Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

141.     Defendant terminated Plaintiff's employment after he exercised a right afforded under the ADA.

142.     While Plaintiff was out on an approved leave related to  his disability and need for medical treatment, the Defendant terminated the Plaintiff's employment.

143.     Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of his request for accommodation of medical leave for his disability.

144.     Under the ADA, the Defendant was legally obligated to refrain from retaliating against Plaintiff because of his objection to illegal discrimination based on his disability.

145.     Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because he took leave and Defendant perceived the Plaintiff to have a disability and knew and/or believed that the Plaintiff would require additional leave due to his disability.

146.     As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered damages in an amount to be determined at trial.

147.     Plaintiff demands trial by jury.

WHEREFORE Plaintiff, ANTHONY COPABIANCO, respectfully requests entry of:

a.     judgment in his favor and against Defendant for violation of the anti-discrimination provisions of the ADA;

b.     judgment in his favor and against Defendant for economic damages,

including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendants' conduct;

c.   judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.   judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.   judgment in his favor and against Defendant for punitive damages;

f.   declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.   an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

## COUNT V
## UNLAWFUL DISCRIMINATION/RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

Plaintiff re-alleges paragraphs 1 through 99 of the Complaint, as if fully set forth herein.

148.   Plaintiff's conditions substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

149.   Plaintiff was qualified to perform the essential functions of his job, with or without reasonable accommodation.

150.   Plaintiff requested a reasonable accommodation, medical leave for the care and treatment of his medical condition.

151.   The Defendant was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of his disability.

152.    The Defendant terminated Plaintiff on the basis of his disability or because Defendant regarded Plaintiff as disabled in violation of the FCRA.

153.    Defendant terminated Plaintiff in retaliation for having requested and taken a reasonable accommodation, medical leave for the care and treatment of his medical condition.

154.    Additionally, Defendants failed to reasonably accommodate Plaintiff, and further failed to engage in the necessary deliberative process.

155.    As a result of Defendant's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

156.    The Defendant engaged in discrimination and retaliation against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

157.    Plaintiff suffered emotional pain and mental anguish as a direct result of the Defendant's unlawful discrimination and retaliation.

158.    Plaintiff has suffered pecuniary losses as a direct result of the Defendant's unlawful discrimination and retaliation.

159.    As a result of the Defendant's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer damages.

160.    Plaintiff demands trial by jury.

WHEREFORE Plaintiff, ANTHONY COPABIANCO, respectfully requests entry of:

a.    judgment in his favor and against Defendant for violation of the anti-discrimination/retaliation provisions of the FCRA;

b.    judgment in his favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual

monetary losses suffered as a result of Defendants' conduct;

c.      judgment in his favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d.      judgment in his favor and against Defendant for his reasonable attorneys' fees and litigation expenses;

e.      judgment in his favor and against Defendant for punitive damages;

f.      declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the ADA; and

g.      an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 29th day of July 2019.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
8151 Peters Road
Suite 4000
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3017

/s/*Paul M. Botros*
Paul M. Botros, Esquire
FL Bar No.:  063365
E-mail: pbotros@forthepeople.com

*Trial counsel for Plaintiff*